### Case No. 4,665.

FARMERS' LOAN & TRUST CO. v. CHICAGO, P. & S. W. R. CO. et al.

[9 Biss. 133;[1] 12 Chi. Leg. News, 65; 25 Int. Rev. Rec. 360.]

Circuit Court, N. D. Illinois. Oct., 1879.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

G. W. Kretzinger and C. B. Lawrence, for complainant.

James L. High and McCoy & Pratt, for defendants.

DRUMMOND, Circuit Judge. A motion is made to docket this cause in this court, on the ground that the proper steps had been taken in the state court, where the case was originally brought, to give this court jurisdiction of the case. It is a very complicated case, so far as the question now before the court is concerned, in this: that after the case had been pending for some time in the state court, at the instance of one of the parties it was removed to this court, and then by consent, was returned to the state court; and again, on application of one of the parties, was brought to this court, and the question was made here, whether the court, under the circumstances, had jurisdiction of the case. On argument before the court at that time, it was decided that this court had jurisdiction on account of the citizenship of the parties, and the character of the controversy between them. After this decision had been made, some change took place in the views of the parties, and they came into court and asked in pursuance of a stipulation made between them, that the cause should be returned to the state court. I am not certain whether that point was argued before the court, but I recollect I had great doubt when the question was before me, whether it was competent for the court, as the proper steps had been taken in the state court to remove the cause, to return it to the state court even under the stipulation of the parties. However, after consideration, and some hesitation, I consented that the case might be returned to the state court, upon the condition that when it was returned, all the proceedings and acts done by which the cause was sought to be removed to this court, should be withdrawn from the state court, and it should stand without any petition or bond pending in court. I thought under the circumstances the state court could then take jurisdiction of the case. After this was done, it seems that the cause by consent was removed to another county, and various proceedings took place afterwards, and now, again, for the third time an application has been made, not by the same parties that made either of the previous applications, but by the plaintiff, to remove the cause under the act of 1875, and under the act of 1867, which last act authorizes a suit to be removed where an affidavit is filed, stating that from prejudice or local influence against the party, justice cannot be obtained. It will be seen, therefore, that upon the question of removal the case has become very much complicated, but still the question is, whether, under any act of congress the complainant had the right, at the time the application was made in the state court, to remove the cause. It

seems at the time this application was made the Chicago, Pekin & Southwestern Railroad Company, the principal defendant, had been defaulted, and the default had been set aside.

There were two deeds of trust given by the principal defendant to the plaintiff to secure certain bonds that were issued. The original bill was filed upon the first and older deed of trust, and afterwards, and before the application was made for removal, an amendment was allowed by the court, and an amended bill was filed which included the second deed of trust. Under the second deed of trust, authority was given to the trustee to sell the property upon due notice, and the property was advertised and sold, and two persons became purchasers under the sale. This was alleged in the amended bill, but it was claimed that the sale was invalid, and it was averred in the amended bill that it was so decided by the state court.

One of the purchasers only was made defendant, and as to him, the bill was dismissed before the application for removal was made. The question is, whether under this state of facts a removal can be had. It will be recollected that the act of 1875, requires that the petition for the removal must be filed before, or at the term at which the cause could be first tried. After the default, it is said, there was a reference to the master, and a stipulation to which the plaintiff was a party, that the case should be submitted to the court, and heard during vacation, which, however, I suppose could hardly be considered operative after the default had been set aside, there being at the time the application was made no issue before the court.

I am inclined to rest the application in this case on the act of 1867, incorporated in the third paragraph of the 639th section of the Revised Statutes, which authorizes a petition for removal to be filed when there is a suit pending in a state court between a citizen of the state in which it is brought, and a citizen of another state, whether the party making the application is plaintiff or defendant, if an affidavit stating that he has reason to believe and does believe that from prejudice or local influence he will not be able to obtain justice in such state court, is filed at any time before the trial or final hearing of the suit. It is not controverted that a proper affidavit was made in this case, and that being so, the questions are: Was there a suit in which there was a controversy between citizens of different states, and was there a petition filed, and a bond duly executed before the final trial or hearing of the case? The original controversy between the parties, and, it may be said, the main controversy was as to the foreclosure of the first mortgage or deed of trust. There had been no answer filed by the principal defendant to the bill. There had been an amendment made, under which the court was asked to foreclose the second deed of trust or mortgage. There had been no answer to that, and it is clear that one of the controversies, if not the main controversy, was as to the foreclosure of the second mortgage or deed of trust. It may be true that there was a controversy, and perhaps one of the principal controversies under the amended bill, whether the sale made by the trustee was a valid sale; but for the purpose of this application I think I must consider that question removed from the cause.

There may be another question which both the plaintiff and the principal defendant have a right to bring before this court; whether, under the circumstances, the purchasers are competent or necessary parties, it being claimed they have waived all equities under the purchase. It seems that if the question is as to the validity of that sale, and the purchasers insist upon its validity, they must be necessary parties to any question growing out of that. But that is only one of the questions in the case. There may be another not directly connected with that, and which affects the principal defendant in the cause, and as to which it has the right to be heard, and it joins the plaintiff in its present application to the court. There is very grave doubt whether the controversy which exists between citizens of different states must necessarily be the main controversy, or the principal controversy in the cause. The statute does not place it distinctly upon that ground.

It is true the courts, in deciding the questions which have arisen under the act of 1875, have in many instances said that the particular question which was involved and which constituted the controversy, was the main controversy in the cause; but that is not the language of the act of 1875, which is, "And when in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, either one or more of the plaintiffs or defendants actually interested in such controversy, may remove said suit to the circuit court of the United States for the proper district." 18 Stat. 470. So that the statute, by its terms requires that there shall be a controversy; that the controversy shall be wholly between citizens of different states, and that that controversy can be fully determined as between them; and that one or more of the plaintiffs or defendants is interested in that controversy. It does not say that it shall be the main controversy in the cause, or the principal controversy, but only that there shall be a controversy. It has been decided, and I think it must be considered as the settled law under this statute, until the supreme court holds otherwise, that if there is a controversy between citizens of different states, and the statute has been complied with so as to au--

thorize a removal, then the removal takes the whole suit or cause, notwithstanding there may be other controversies in it; and so if a cause can be removed where there is a controversy, but not the principal controversy, the removal takes the principal controversy, and all other controversies in the cause from the state to the federal court.

The objection has been made that as to some incidental questions involved in litigation in this cause, while pending in the state court, and in which some of the parties litigating have been interested, decrees have been made in the state court, which have been taken to the appellate court of the state. While that circumstance gives an additional complication to the case, it cannot interfere with the legal right of any of the parties existing under any act of congress. These decrees will have to take their course through the appellate court of the state, and the affirmance or reversal of them by that court, or by the highest court of the state, will have to be taken by this court as a final adjudication of the controversy between those parties, and it is to be presumed that the action of the highest court of the state will be duly carried out by this court, in the same manner that it would have been by the state court if the cause had remained there.

The next question is, whether there was a proper bond executed in this case. The bond was given under the act of 1875, and not under the act of 1867. Under the latter act, there must be given "good and sufficient surety for his entering in such court, on the first day of its session, copies of all process, pleadings, depositions, testimony and other proceedings in the suit." Under the act of 1875, there must be filed a bond "with good and sufficient surety for his or their entering in such circuit court on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court, if such court shall hold that such suit was wrongfully or improperly removed thereto," etc.

It will be observed that under the act of 1875, the bond required is for the payment of all costs that may be awarded by the said circuit court. It is different from that required under the act of 1867, and the question is whether, where an application is made under the act of 1867, a bond should be given as required by the act of 1875. There had been some doubt whether the act of 1867 was repealed by the act of 1875, in all its parts, by the general repealing clause of previous laws in conflict with the provisions of the act of 1875, at the end of the latter act. But I think the weight of authority is, that the act of 1867 still remains in force, so far as to allow an affidavit to be filed, as required by that act. It is a very nice question, whether that portion of the act of 1867, as to the form of the bond is repealed by the act of 1875. It has been so decided

by some of the courts. McMurdy v. Connecticut Gen. Life Ins. Co. [Case No. 8,903]; Torrey v. Grant Locomotive Works [Id. 14,-105]. I confess my first impression was, that those decisions were of questionable authority: but on further consideration, I am inclined to think that they are, perhaps, correct, on the ground that the act of 1875, does not wholly repeal the act of 1867. The act of 1875 mentions the various circumstances under which a cause can be removed, and it states that either party may remove the suit into the circuit court of the United States, and on the assumption that it left the act of 1867 in force as to the circumstances under which the removal might be made, then we must also assume that the act of 1875 referred as well to that cause of removal as to other causes, because it simply speaks of the controversy between citizens of different states, the sum or value in controversy, and then it declares either party may remove such suit into the circuit court of the United States, and then follows the last clause of the second section in the act of 1875, which I have already cited, and then the first words of the third section "whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section," etc. Now, if the "next preceding section" includes as well the cause of removal specified in the act of 1867, as the act of 1875, then it is within the language of the third section, and so declares what kind of a bond shall be given; and so the bond which was given in this case was a proper bond under the act of 1875, although the cause of removal was under the act of 1867, which, as to the form of the bond was repealed by the act of 1875.

It is with some hesitation that I have reached these conclusions, but on the whole I think the party was entitled to have the cause removed, and it will accordingly be docketed in this court.